Bernard T. Weidler v. Commissioner.
Weidler v. Commissioner
Docket No. 52067.
United States Tax Court
T.C. Memo 1955-130; 1955 Tax Ct. Memo LEXIS 207; 14 T.C.M. (CCH) 485; T.C.M. (RIA) 55130; May 23, 1955
Bernard T. Weidler, 606 Chesapeake Street, S.E., Washington, D.C., pro se. A. Russell Beazley, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined a deficiency in petitioner's income tax for the year 1950 in the amount of $210. The only question for our decision is whether petitioner contributed over one-half to the support of his two minor children which would entitle him to a dependency credit under section 25, Internal Revenue Code of 1939. Findings of Fact Petitioner is a resident of Washington, D.C., and filed his individual income tax return for the calendar year 1950 with the collector of internal revenue for the district of Maryland. Petitioner and his former wife were divorced June 25, 1949, and thereafter lived separate *208 and apart. By this marriage petitioner had two children, Bernard, a boy, and Virginia, a girl, whose ages in 1950 were approximately 13 and 11 years, respectively, both of whom lived with their mother after the divorce, and were so living in 1950. The court granting the divorce decreed that petitioner, the father of the children, should pay $18 per week toward their support, but shortly thereafter reduced the amount to $14 a week. In November, 1949, petitioner was again married and was living with his wife in 1950. In 1950 petitioner was a laundry driver and his income in that year was $2,940.85. In the year 1950 petitioner contributed to the support of his children, Bernard and Virginia, approximately the total sum of $768. Items comprising same were cash $712, presents at Christmas, Easter and birthdays $30, movies $26. The $712 cash item was paid in installments consisting of $28 every two weeks, at which time he saw the children and took them to a movie. The children attended the public schools for which there was no tuition. Petitioner's former wife worked in 1950 and her salary $55was a week, plus meals. In that year she lived with her mother and the two children in question *209 and they occupied a basement apartment for which his former wife paid $45 monthly. It consisted of one bedroom, a living room and kitchen and a bath. The former wife's mother slept on a davenport in the living room, while she and the children occupied the bedroom. Her mother was unemployed. Petitioner never discussed with his former wife the cost in 1950 of supporting the children. He had no conversations with her that year on any subject. Petitioner does not know what amount was expended by his wife in support of the children, but he understood that she submitted a notarized statement to officials in the internal revenue [office] to the effect that she contributed $1,080 to the children's support in 1950, the truth of which he questions. In his income tax return for 1950 petitioner claimed dependency credit for the two minor children, which was disallowed by the Commissioner on the ground that he had not established that he had furnished more than one-half of their support in the year 1950. Opinion Petitioner's claim for dependency credit for his two minor children for 1950 can not be sustained unless it appears from the evidence that he contributed "over one-half" of their *210 "support" in that year. Section 25(b)(3), Internal Revenue Code of 1939. The law imposes the burden of proof upon petitioner to establish this fact by legal and competent evidence, and his failure so to do entitles him to no relief. Petitioner offered no evidence save his own testimony. There was no other witness, no documentary evidence. Accepting at its face value petitioner's testimony, it falls short of proving that he contributed over one-half of the children's support in 1950. He candidly admitted that he did not know what amount was expended for their support in that year. He testified that he contributed $768 in support of the children in 1950, but did not know what sum their mother spent for their support. He learned from the internal revenue office that she had submitted a notarized statement claiming she had spent a total of $1,080 in 1950, which amount he questioned but offered no evidence in contradiction. The only item in her statement he specifically attacked was with reference to rent paid for the apartment occupied by her, the two children and her mother. Admittedly she paid monthly rent of $45 for the apartment, but petitioner claimed it was inequitable to *211 charge the children one-half of this rental, or $22.50 a month, and that the children's part of the rent should not have been more than one-third thereof, or $15 per month. The difference in these two amounts is $7.50 monthly, or $90 per year. Even if this sum were deducted from the $1,080 she claimed to have spent, this would still leave her expenditures in 1950 for the children in excess of $200 over the sum expended by petitioner. While admitting his inability to testify as to the total expenditures for the children's support in 1950, he gave it as his opinion that the "top figure" therefore would have been not over "$1,100 or $1,200." He gave no reason for so believing and gave no breakdown of the items or sums comprising this speculative or conjectural figure. He gave no estimate or even a guess of what may have been spent for food, clothing, doctor or dentist bills, or other incidentals that would ordinarily be spent in support of two children aged 13 and 11 years. A surmise or mere opinion, unsupported by facts or circumstances upon which it is based, or even a recital of the figures used in arriving at the amount is not persuasive and can not be accepted as convincing proof. *212 Decision will be entered for the respondent.